Krista S. Robinson (SBA #30868)
Joel M. Mueller (SBA #29002)
ROBINSON MUELLER PLLC
202 E. Earll Dr., Suite 490
Phoenix, Arizona 85012-2698
Telephone: (602) 885-2627
Fax: (602) 391-2531
krobinson@robinsonmueller.com
jmueller@robinsonmueller.com

*Attorneys for Plaintiff Nathaniel Guernsey*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Nathaniel Guernsey**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**Elko Wire Rope, Inc.,** a Utah corporation; and **Elko Wire Rope of Arizona, LLC**, an Arizona limited liability company, and **Neely Hammond,**<br><br>　　　　　Defendants. | Case No. 2:21 CV<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Nathaniel Guernsey ("Guernsey"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against the three Defendants, (1) Elko Wire Rope, Inc., a Utah corporation, and (2) Elko Wire Rope of Arizona, LLC, an Arizona limited liability company (hereinafter collectively referred to as "Elko"), and Ms. Neely Hammond, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a & b):

## 1. Parties, Jurisdiction And Venue

**1.** Plaintiff Guernsey was employed by the Elko Defendants to perform work for them within the State of Arizona. The claims herein arise from such employment.

**2**. At all times pertinent to this Complaint, Guernsey was an "employee" of Elko (the two Defendants), as that term is defined in 29 U.S.C. 203(e)(1), and used in A.R.S. 23-1501.

**3.** Defendant Elko Wire Rope, Inc., is, and has been at all times pertinent to this Complaint, a Utah for-profit corporation with a business office in Phoenix, Arizona engaged in business in Arizona.

**4.** Defendant Elko Wire Rope of Arizona, LLC is, and has been at all times pertinent to this Complaint, an Arizona limited liability company with a business office in Phoenix, Arizona.  It is registered as Arizona Corporation Commission entity # L14513965.

**5.** At all times material to this Complaint, Elko (the Defendants acting collectively as a joint enterprise) was the employer of Guernsey as that term is defined in 29 U.S.C.  203(d) and used in A.R.S. 23-1501. The Elko Defendants are an "affiliated" or "integrated" enterprise sharing common ownership, management, financial control and operations, including corporate office space and payroll. The Elko Defendants were a joint employer in that they shared or co-determined the matters governing the terms and conditions of Plaintiff Guernsey's employment.

**6.** At all times material to this Complaint, Elko has been engaged in the business of maintaining, repairing, and supplying heavy duty mining machinery and equipment in the southwest United States.

**7.** At all times material to this Complaint, Elko used the tradenames or dbas of "Elko Wire Rope" and "Tri-State Wire Rope & Supply".

**8.** At all times material to this Complaint, Defendant Neely Hammond ("Hammond") has been:

(A) An adult resident of Utah; and

(B) An officer, employee, executive, and agent of Elko having the authority to hire and terminate and direct the work of Elko employees, and determine their rate and method of pay, including Guernsey; and

(C) A person acting directly or indirectly in the interest of an employer, to-wit: Elko, in relation to Guernsey, Elko's employee, as that term is used in 29 U.S.C. 203(d).

**9.** Guernsey presents three claims for relief herein:

A.  Unpaid overtime wages, Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207, 29 U.S.C. 215(a)(2), and 29 U.S.C. 216(b)

B.  Retaliation in violation of the FLSA, 29 U.S.C. 215(a)(3) and 29 U.S. C. 216(b)

C.  Wrongful termination of employment, an Arizona intentional tort claim, A.R.S. 23-1501(A)(3)(c)(ii).

**10.** This Court has subject matter jurisdiction for claims 9(A) and 9(B) supra, because they arise under federal statutes, as provided by both 29 U.S.C. 216(b) and 28 U.S.C. 1331.

**11.** This Court has supplemental jurisdiction for claim 9(C) supra, a state law claim which is so related to claims 9(A) and 9(B) that they form part of the same case or controversy, as provided by 28 U.S.C. 1367(a).

**12.** This Court is an appropriate venue for this action as provided by 28 U.S.C. 1391 (b) (1 & 2).

## 2. Allegations of fact supporting claims

**13.** Jeremy Guernsey is the father of Plaintiff Nathaniel Guernsey.

**14.** On December 4, 2019, Elko offered Jeremy Guernsey full-time employment as a "field service manager" pursuant to a two-page letter signed by Defendant Neely Hammond as Elko Vice President on that date.

**15.** Prior to December 4, 2019, Jeremy Guernsey had been engaged to perform various projects for Elko and its closely related entities as an independent contractor for approximately twenty years, and Jeremy Guernsey had just satisfactorily completed a project for Elko at a mine in Nevada in October, 2019.

**16.** Jeremy Guernsey accepted the job offer from Elko supra, and began working for Elko pursuant to their employment agreement.

**17.** Elko then hired Plaintiff Nathaniel Guernsey and his employment began on approximately January 5, 2020.

**18.** Plaintiff Guernsey continued to be employed by Elko until he was fired by notice dated September 29, 2020. A true copy of that notice is attached and incorporated herein as Exhibit 1 pursuant to FRCP Rule 10(c).

**19.** Elko and Ms. Hammond mis-classified Guernsey as an "exempt salaried employee" at all times during his employment. That "exempt" classification was incorrect since Guernsey's job and duties did not meet any of the qualifications or definitions for an exemption from the overtime pay requirements [20 U.S.C. 207(1)] set forth in the FLSA.

**20.** Based upon their business experience and knowledge, the Defendants' misclassification of Guernsey was a willful violation of the FLSA.

**21.** On April 16, 2020, the Defendants modified Guernsey's wages/salary to $46,800 per year.

**22.** Between May 19, 2020 and September 29, 2020 (the date the Defendants fired Guernsey), Guernsey often worked for the Defendants in excess of forty hours per week. He kept records of his working hours and has calculated that he worked approximately 481 hours in excess of forty per week during that time period.

**23.** The Defendants were required by the FLSA to keep and maintain accurate wage and hour records for their employment of Guernsey pursuant to 29 U.S.C. 211(c), but they inexcusably failed to do so.

ROBINSON MUELLER, PLLC
202 E. Earll Drive, Suite 490
Phoenix, Arizona 85012
(602) 885-2627

**24.** Guernsey became concerned because he was not being paid for his overtime work for the Defendants as required by the FLSA, so on July 18, 2020, Nathaniel sent a text message to Ms. Hammond complaining about not being paid overtime pay, stating: "*In this last paycheck I made $800 for two weeks. I worked 87 hours in those two weeks plus the holiday pay for 8 hours yet I made less than half of the money I was supposed to be making on salary ... I'm making less than $9 per hour and not being compensated for overtime ... I would like to discuss going to hourly for my wage of $25 per hour or going to our agreed upon salary.*"

**25.** Ms. Hammond refused to pay the overtime requested and replied: "*from June 3rd to July 12th, we finally had a billable job for you to work on, and, yes, you did work 12 hour shifts along with everyone else, and we did pay you at your regular salary.*"

**26.** The Defendants never did pay Guernsey the overtime wages he was entitled to under the FLSA.

**27.** Two and a half-months later, on behalf of Elko, Ms. Hammond fired Guernsey. The reason given was:

"*Over the last several months, Elko Wire Rope has experienced changes beyond our control. We have taken various steps to optimize our resources and prevent layoffs for as long as possible, however, going into our winter season, we feel that it is time to make difficult employment decisions. We are regretful to say that your position has been identified as one that we feel is necessary to cut.*" Exhibit 1 infra.

**28.** The Defendants had no good cause or valid business reason to terminate Guernsey. The reason for termination given, Exhibit 1 infra, was false and pretextual. In fact, Guernsey's position was not eliminated and the Defendants were hiring at the time and hired a replacement for Guernsey.

29. On September 29, 2020, just before the Defendants fired Plaintiff Guernsey, they also fired Jeremy Guernsey, his father, just thirteen days after Jeremy had asked to be paid his earned and overdue commissions owed because they had not been paid to him as required by Arizona law, A.R.S. 23-350 et seq., and A.R.S. 23-355. The Defendants' response to Jeremy was to fire him for asking to be paid what he had earned, rather than pay him as they were required to do by Arizona law.

30. Later on that same day, the Defendants fired Plaintiff Nathaniel Guernsey in retaliation for having demanded overtime pay pursuant to the FLSA and in retaliation for his father's demand to be paid what he had earned from the Defendants.

31. In firing both Guernseys in retaliation for asserting their legal rights, Ms. Hammond was acting with Elko as a joint tortfeasor and aiding and abetting the tortious firing as the Elko decisionmaker and as Elko's officer and agent.

32. Jeremy has filed an action against the Defendants with claims for unpaid wages, wrongful termination and conversion. It is case # 2:21 CV 848 PHX DJH in this Court.

33. Guernsey has a claim under A.R.S. 23-1501(A)(3)(c)(ii) for the intentional tort of wrongful termination of employment based upon reporting violations of Arizona wage statutes by the Defendants by Jeremy Guernsey, the Plaintiff's father, because, although Plaintiff Nathaniel did not report those violations himself, the Defendants retaliated against not only Jeremy but Nathaniel as well because he was Jeremy's son.

34. As Jeremy's son, Guernsey was within the "zone of interest" protected by A.R.S. 23-1501(A)(3)(c), and therefore he has a claim thereunder. *Thompson v. North American Stainless, L.P.,* 562 U.S. 170 (2011).

35. As the direct result of being fired by the Defendants, Guernsey was unemployed until December 18, 2020, despite his diligent efforts to find suitable new

employment before then, and he had difficulty supporting himself.

**36.**  As the direct and proximate result of the Defendants' conduct alleged herein, Guernsey has suffered damages including, inter alia, lost wages from the loss of his job after being fired, a reduced standard of living, embarrassment and humiliation from being fired, and worry about how he would support himself while seeking new employment, sadness, and emotional distress from the loss of the job and relationships he had enjoyed with his co-workers.

**37.**  Guernsey is entitled to an award of punitive damages from the Defendants because they fired him with a deliberate, willful and evil intent to punish him for (A) asserting his right to overtime pay under the FLSA, and (B) the actions of his father who had also complained to the Defendants about not being paid the wages he was entitled to under Arizona law, as alleged in case # 2:21 CV 848 PHX DJH in this Court.

### 3.  Demand for Jury Trial

Plaintiff Guernsey demands a trial by jury on all claims, pursuant to the Seventh Amendment to the U.S. Constitution and FRCP Rule 38 (a & b).

### 4.  Relief Requested

Based upon the foregoing, Plaintiff Guernsey requests judgment and orders granting him the following relief against all three Defendants:

### COUNT ONE: Unpaid overtime wages, Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207, 29 U.S.C. 215(a)(2), and 29 U.S.C. 216(b):

1.  Unpaid overtime wages for 481 hours at $42.18 per hour, totaling $20,292.18, to be doubled to $40,584.37, pursuant to 29 U.S.C. 216(b).

2. Reasonable attorneys' fees and costs of the action as provided by 29 U.S.C. 216(b).

### COUNT TWO:  Retaliation in violation of the FLSA, 29 U.S.C. 215(a)(3) and 29 U.S.C. 216(b):

1. General and compensatory damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier-of-fact

3. Equitable relief

3. Reasonable attorneys' fees and costs of the action as provided by 29 U.S.C. 216(b).

### COUNT THREE: A.R.S. 23-1501(A)(3)(c)(ii)
### Wrongful termination of employment based upon reporting violations of Arizona wage statutes by Jeremy Guernsey, the Plaintiff's father

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier-of-fact.

3. Taxable costs incurred herein, pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920.

Respectfully submitted this 29th day of September, 2021.

ROBINSON MUELLER, PLLC

By:  s/*Krista S. Robinson*
    Krista S. Robinson
    Joel M. Mueller
    *Attorneys for Plaintiff*

**Attached Exhibit 1:**
**Elko's termination notice sent to Plaintiff**
**(dated September 29, 2020)**